UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22461-CIV-MARTINEZ/AOR

LAZARO E. MILIAN and
Other similarly-situated individuals,

    Plaintiff,

v.

EXPRESS WASTE OF MIAMI, INC.,
a/k/a EXPRESS PORTABLE, and
JUAN C. DAPENA, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Lazaro E. Milian's ("Plaintiff" or "Milian") Motion for Attorney's Fees and Costs (hereafter, "Motion for Fees" and "Motion for Costs") [D.E. 19]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 20]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Fees be GRANTED and the Motion for Costs be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed this action on July 1, 2017 to recover money damages pursuant to the Fair Labor Standards Act (hereafter, "FLSA"), 29 U.S.C. § 201-219, against Defendants Express Waste of Miami, Inc., a/k/a Express Portable, and Juan C. Dapena ("Defendants"), seeking to recover from Defendants minimum wages and overtime compensation, retaliatory damages and liquidated damages under the provisions of the FLSA [D.E. 1]. On March 21, 2018, the Court

entered Final Default Judgment against Defendants [D.E. 17]. On April 2, 2018, Plaintiff's Counsel, Zandro E. Palma ("Attorney Palma"), filed the instant Motion for Fees and Costs pursuant to 29 U.S.C. § 216(b), requesting:

| Attorney's Fees | |
|---|---|
| 11.8 hours at $350/hour | $4,130.00 |
| 2.75 hours at $375/hour | 1,031.25 |
| | |
| **Expenses and Costs** | |
| Court filing fees | $400.00 |
| Process server, 4 at $45 each | 180.00 |
| Copying, 8 months at $25/month | 200.00 |
| | |
| **TOTAL:** | **$5,941.25** |

Defendants did not respond to the Motion for Fees and Costs within the time prescribed by Rule 7.1(c) of the Local Rules for the Southern District of Florida, which provides that failure to respond to a motion "may be deemed sufficient cause for granting the motion by default." S. D. Fla. L. R. 7.1(c). On May 31, 2018, the undersigned issued an Order to Show Cause [D.E. 24] requiring Defendant to show good cause by July 2, 2018, why the Motion for Fees and Motion for Costs should not be granted by default pursuant to Local Rule 7.1. Alternatively, Defendant could respond to the Motion for Fees and Motion for Costs by the same date [D.E. 24]. Defendant failed to respond to the Order to Show Cause or the Motion for Fees and Motion for Costs within the allotted time.

## **MOTION FOR FEES**

Plaintiff requests attorney's fees for 11.8 hours at $350 per hour and 2.75 hours at $375 per hour. The undersigned has conducted a review of Attorney Palma's billing records. Applying her own knowledge and experience concerning reasonable and proper fees, the Court finds that an adjustment of the hourly rate to $350 per hour for all of the hours sought is appropriate. See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)

2

("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."); see also Rodriguez v. Guiribitey, Case No. 18-cv-20565-AOR [D.E. 27] (S.D. Fla. May 18, 2018) (awarding Attorney Palma fees with a rate of $350.00 per hour). The undersigned therefore finds that attorney's fees in the amount of $5,092.50 for 14.55 hours at $350 per hour is reasonable and recoverable.

**MOTION FOR COSTS**

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). Title 28, United States Code, Section 1920 (hereafter, "Section 1920"), "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

3

      (5) Docket fees under section 1923 of this title;
      (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford Fitting, 482 U.S. at 445.

    A prevailing party may recover fees for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case." Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc., 697 F. Supp. 2d 1349, 1372 (S.D. Fla. Mar. 22, 2010). The moving party must present evidence "regarding the documents copied including their use or intended use." Cullens v. Georgia Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). This evidence should include "information regarding the purpose of copies charged so the court will be able to determine whether the rates paid for copies were reasonable, whether the copies made were related to the action at issue, and what the copies were for." George v. Florida Dep't of Corr., No. 07-80019-CIV, 2008 WL 2571348, at *2 (S.D. Fla. May 23, 2008).

    Plaintiff requests $200.00 in costs for "copying" at $25.00 per month for eight months [D.E. 19-1 at 4]. Plaintiff has failed to provide details regarding those copying costs, and therefore the undersigned does not find them to be recoverable. The undersigned finds that the remainder of Plaintiff's costs is reasonable and recoverable pursuant to Section 1920.

    Therefore, the total amount in fees and costs shall be as follows:

| | |
|---|---|
| Attorney's Fees (14.55 hours at $350/hour) | $5,092.50 |
| Expenses and Costs | 580.00 |
| **Total** | **$5,672.50** |

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Fees be GRANTED, that Plaintiff's Motion for Costs be GRANTED IN PART, and that Plaintiff be awarded the sum of **$5,672.50** as fees and costs in this action pursuant to 29 U.S.C. § 216(b).

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Jose E. Martinez, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 27th day of September, 2018.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

United States District Judge Jose E. Martinez
Counsel of Record

Copies furnished by mail to:

Express Waste of Miami, Inc.
1506 SW 143rd Ct.
Miami, FL 33184

Juan Dapena
1506 SW 143rd Ct.
Miami, FL 33184